IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00847-WYD-BNB

KIM RENEE COLEMAN,

    Plaintiff,

v.

CITY AND COUNTY OF BROOMFIELD;
TAMMY ROSS, in her official capacity as Program Planning Administrator;
DEBRA OLDENETTEL, in her official capacity as Manager of Family and Children Services;
and
KAREN BEYE, in her official capacity as Director of Health and Human Services,

    Defendants.
_____

**ORDER**
_____

I.    INTRODUCTION

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Third, Fourth and Seventh Claims for Relief, filed June 14, 2005.  The claims for relief for which dismissal is sought are: 1) Plaintiff's Third Claim for Relief for enforcement of federal substantive rights under 42 U.S.C. §1983, 2) Plaintiff's Fourth Claim for Relief for the tort of wrongful discharge, and 3) Plaintiff's Seventh Claim for Relief for outrageous conduct.  Specifically, Defendants argue that this Court lacks jurisdiction over Plaintiff's tort claims because they are barred by the Colorado Governmental Immunity Act ("CGIA"), COLO. REV. STAT. §§ 24-10-101, *et seq.* (2001).  Defendants also argue that this Court should dismiss Plaintiff's §1983 claim because the Americans

with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, provide their own comprehensive enforcement schemes, which preclude the availability of a separate remedy under §1983.

For the reasons stated below, Defendants' Motion to Dismiss Plaintiff's Third, Fourth and Seventh Claims for Relief is granted. I find that Plaintiff's Fourth and Seventh Claims should be dismissed because Plaintiff agrees in her Response that these claims should be dismissed. I also find that Plaintiff's Third Claim for Relief under §1983 is barred by the ADA and FMLA, which provide remedies under their respective comprehensive enforcement schemes.

II.     ANALYSIS

   A.    Standard of Review

Defendants' Motion to Dismiss was filed under both Rules 12(b)(1) and 12(b)(6). In construing the motion to dismiss, the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 U.S. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). "A complaint may be dismissed pursuant to FED. R. CIV. P. 12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief.'" *Id.* (quoting *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995)).

If, accepting all well-pleaded allegations as true and drawing all reasonable references in favor of plaintiff, it appears beyond doubt that no set of facts entitle plaintiff to relief, then the court should grant a motion to dismiss. *See Tri-Crown, Inc. v.*

*Am. Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990).

  B. <u>Tort Claims</u>

Plaintiff states, "[I]n the interests of judicial economy, [Plaintiff] Kim Coleman agrees to the dismissal of her claims for Wrongful Termination and Outrageous Conduct, set forth in the Fourth and Seventh Claim for Relief, leaving this Court to rule only on the viability of Ms. Coleman's § 1983 claim as plead." Pl.'s Resp. at 2. Accordingly, Plaintiff's Fourth and Seventh Claims for Relief are dismissed.

  C. <u>§1983 claim</u>

Plaintiff's §1983 claim arises from Plaintiff's assertion that Defendants violated the ADA and FMLA by constructively terminating her employment due to her disability and denying her leave of absence to care for her sick child. *See* Compl. ¶¶ 84-93. Defendants seek to dismiss Plaintiff's Third Claim for Relief on the basis that Plaintiff's only remedies are provided for in the FMLA and ADA. Defs.' Mot. to Dismiss at 6. In her Response, Plaintiff asserts that her §1983 claim is based not only on ADA and FMLA violations but also on violations of due process. See Pl.'s Resp. at 4, 6. She states that she has "implicitly if nothing else, alleged more than just violations of the ADA and FMLA to support her § 1983 claim." *Id.* at 4. Specifically, Plaintiff states that she "has set forth a claim for violations of her due process rights under the 14th Amendment by alleging that she was entitled to keep her job until notice and an opportunity to be heard." *Id.* at 6. However, such a claim is not pled in Plaintiff's Complaint, and I cannot rely on what Plaintiff believes is implicitly pled in her Complaint, when such a claim is not expressly stated. Accordingly, I will only consider

Plaintiff's § 1983 claim in light of what has been pled and, thus, must consider the alleged violations of the ADA and FMLA as the basis for the claim.

"Section 1983 imposes liability on anyone who, under color of state law deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws'. . . . [T]his provision safeguards certain rights conferred by federal statutes." *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S.Ct. 1353, 1359 (1997) (citing *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502 (1980)). The Supreme Court has identified three factors in considering whether a statutory provision gives rise to a federal right for purposes of § 1983.

> First, Congress must have intended that the provision in question benefit the plaintiff. . . . Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so 'vague and amorphous' that its enforcement would strain judicial competence. . . . Third, the statute must unambiguously impose a binding obligation on the States.

*Id.* 340-41, 117 S.Ct. 1359 (internal citations omitted). If a statute creates an individual right, "there is only a rebuttable presumption that the right is enforceable under § 1983." *Id.* at 341, 117 S.Ct. at 1360. "[D]ismissal is proper if Congress 'specifically foreclosed a remedy under § 1983.'" *Id.* (citing *Smith v. Robinson*, 468 U.S. 992, 1005, n. 9, 104 S.Ct. 3457, 3464, n. 9 (1984)). "Congress may do so expressly, by forbidding recourse to § 1983 in the statute itself, or impliedly, by creating a comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983." *Id.* (citing *Livadas v. Bradshaw*, 512 U.S. 107, 133, 114 S.Ct. 2068, 2083 (1994)). The issue in the present case is whether the enforcement schemes of the ADA and the

FMLA are so comprehensive as to be incompatible with enforcement under § 1983.

Although the Supreme Court has not found a §1983 claim to be foreclosed by "'the availability of administrative mechanisms to protect the plaintiff's interests,'" (*id.* at 347, 117 S.Ct. 1353, 1363 (quoting *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106, 110 S.Ct. 444, 448 (1989))), the Court has looked at how elaborate the specific remedial provisions within a statute are in determining whether a comprehensive enforcement scheme exists to foreclose an additional §1983 claim. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 101 S.Ct. 2615 (1981). For example, in *Sea Clammers*, the Court identified certain enforcement provisions, including two citizen-suit provisions, which "demonstrate[d] . . . that Congress . . . intended to supplant any remedy that otherwise would be available under § 1983." *Id.* at 21, 110 S.Ct. at 2627.

I first address the relationship between the ADA and § 1983 and find that the ADA provides a comprehensive enforcement scheme that forecloses additional recourse under §1983. In considering the ADA enforcement provisions, one must look to the "powers, remedies and procedures" of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C.A. § 12117. The Tenth Circuit has considered the interplay between Title VII and § 1983. *See Notari v. Denver Water Dep't.*, 971 F.2d 585, 587-88 (10th Cir. 1992). The Tenth Circuit stated, "[A] state employee suffering from discrimination may assert claims under both § 1983 and Title VII," (*id.* at 587), but the "plaintiff must 'have an independent basis for claims outside of Title VII when a §1983 claim is based on the violation of rights created by Title VII, lest Congress' prescribed remedies under

Title VII be undermined.'" *Id.* (quoting *Drake v. City of Fort Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991) (internal citations omitted)).  In *Notari*, the court explained that under this "independence" requirement, a §1983 claim must be based "on substantive rights provisions *outside* Title VII—that is . . . it rests on a constitutional right or a federal statutory right other than those created by Title VII." *Id.*  The court further noted that "as long as the substantive legal bases for the claims are distinct, our 'independence' requirement is satisfied," and Title VII does not foreclose a §1983 claim.  *Id.*  Here, Plaintiff only alleges the deprivation of federal substantive rights under the ADA or FMLA, and there is no independent basis for her claim.  *See* Compl. at ¶¶ 84-93.  Accordingly, I find that Plaintiff may not assert a §1983 claim for ADA violations.  I also note that this position is consistent with the holding of the Eleventh Circuit, which has held that "a plaintiff may not maintain a section 1983 action in lieu of—or in addition to—a Rehabilitation Act or ADA cause of action if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act and the ADA."  *Holbrook v. City of Alpharetta, Georgia*, 112 F.3d 1522, 1531 (11th Cir. 1997).

Next, I address Plaintiff's §1983 action for FMLA violations, and I find the opinions of several other jurisdictions persuasive on this issue.  In concluding that one may not bring a §1983 action for FMLA violations, one jurisdiction has noted that because the "federal courts were provided with jurisdiction to enforce violations of the FMLA, it is clear that Congress understood that federal courts were competent to protect the rights conferred under the FMLA."  *Kilvitis v. County of Luzerne*, 52 F.Supp.2d 403, 416-17 (M.D. Pa 1999).  Moreover, the FMLA has been found to

include a comprehensive enforcement scheme because it "sets forth in detail the specific remedies available for a violation of the FMLA.  An employer is liable for damages in the amount of wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation"  *Id.* at 418 (quoting *O'Hara v. Mt. Vernon Bd. of Educ.*, 16 F.Supp.2d 868, 894 (S.D. Ohio 1998)).

Although there are no detailed administrative procedures within the FMLA's enforcement provision, 29 U.S.C.A. §2617, "the injuries to which the [FMLA] applies are narrowly drawn and the remedies provided fully cover those injuries."  *Jolliffe v. Mitchell*, 971 F.Supp.1039, 1045 (W.D.Va. 1997).  Under the FMLA's enforcement provision, one may pursue a private cause of action "to recover the damages or equitable relief . . . against any employer (including a public agency) in a Federal or State court of competent jurisdiction . . . ."  29 U.S.C.A. §2617(a)(2).  Plaintiff's Complaint alleges that she was denied leave "to take care of her son who had a serious medical condition."  Compl. ¶¶ 88, 90, 92.  The enforcement provision of the FMLA provides the specific remedies for Plaintiff's alleged injuries, and Plaintiff may not seek additional redress under §1983, because her §1983 claim mirrors a claim under the FMLA.

For the reasons stated above, Plaintiff's remedies for any ADA or FMLA violations are clearly set forth in those statutes, and Plaintiff may not also seek additional redress under §1983.  To allow Plaintiff to also recover under §1983 "would provide the plaintiff with two bites at precisely the same apple."  *Holbrook v. City of Alpharetta, Georgia*, 112 F.3d 1522, 1531 (11th Cir. 1997).  Because the ADA and

FMLA contain comprehensive enforcement schemes which foreclose §1983 actions for violations of the ADA and FMLA , Plaintiff's Third Claim for Relief must be dismissed.

III.     CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendants' Motion to Dismiss Plaintiff's Third, Fourth and Seventh Claims for Relief is **GRANTED.**  It is

FURTHER ORDERED that Plaintiff's Third, Fourth and Seventh Claims for Relief are **DISMISSED WITH PREJUDICE**.

Dated:  December 22, 2005

                                            BY THE COURT:

                                            s/ Wiley Y. Daniel
                                            Wiley Y. Daniel
                                            U. S. District Judge