IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-847-WYD-BNB

KIM RENEE COLEMAN,

     Plaintiff,

v.

CITY AND COUNTY OF BROOMFIELD;
TAMMY ROSS, in her official capacity as Program Planning Administrator;
DEBRA OLDENETTEL, in her official capacity as Manager of Family and Children
Services; and
KAREN BEYE, in her official capacity as Director of Health and Human Services,

     Defendants.

---

## ORDER

---

## I.   INTRODUCTION

     THIS MATTER is before the Court on Defendants' Motion for Summary
Judgment [# 34], filed March 30, 2006.  The motion seeks summary judgment on both
Plaintiff's federal claims under the ADA and FMLA and on Plaintiff's state law claims for
breach of contract and promissory estoppel.  First, the Defendants assert that, as a
matter of undisputed fact, Plaintiff cannot make a *prima facie* case under the ADA.
Second, the Defendants assert that the Plaintiff was afforded appropriate FMLA leave.
Finally, the Defendants assert that Plaintiff's state law claims are not viable.  On May 3,
2006, Plaintiff filed her response to Defendants' motion.  A reply in support of
Defendants' motion was filed on May 17, 2006.  For the reasons stated below,
Defendants' Motion for Summary Judgment is denied.

II.   ANALYSIS

A.   Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

B.   Whether Summary Judgment is Proper on Plaintiff's ADA Claim

The Americans with Disabilities Act of 1990 (ADA or Act), 104 Stat. 328, 42 U.S.C. § 12101 *et seq.*, "prohibits discrimination by covered entities, including private employers, against qualified individuals with *disabilities.*" *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 477 (1999). "Specifically, [the ADA] provides that no covered employer 'shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharged of employees, employee compensation, job training, and

-2-

other terms, conditions, and privileges of employment." *Id.* at 477-78 (quoting 42 U.S.C. § 12112(a)); see also 42 U.S.C. § 12111(2).  The ADA defines a "'qualified individual with a disability' . . . as 'an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *Sutton*, 527 U.S. at 478 (quoting  42 U.S.C. § 12111(8)).

To establish a claim under the ADA, Plaintiff must demonstrate that: (1) she is disabled within the meaning of the ADA; (2) she is qualified, in that she is able to perform the essential functions of the job with or without reasonable accommodation, which she must describe; and (3) the Defendants discriminated against her in their employment decision (i.e. the advancement of employee) because of her alleged disability. *See Sutton v. United Air Lines*, 130 F.3d 893, 897 (10th Cir. 1997); *see also White v. York International Corp.*, 45 F.3d 357, 360-61 (10th Cir. 1995); *Mowat-Chesney v. Children's Hospital*, 917 F. Supp. 746 (D. Colo. 1996).  In the case at hand, the Defendants argue that the Plaintiff cannot show the existence of a genuine fact in connection with their contention that Plaintiff is not disabled under the ADA.

I find that the Plaintiff demonstrated through her Response that there are genuine issues of material fact regarding the existence of a disability under the ADA. Specifically, Plaintiff states that she has ulcerative proctitis.  Plaintiff further states that her symptoms are identical to the symptoms of Crohn's Disease and are exacerbated by stress.  The Defendants, on the other hand, argue that the symptoms of Crohn's Disease are far more severe than the symptoms of ulcerative proctitis.  Also, there is a

dispute regarding a Leave Request Form in which the diagnosis of Crohn's Disease was written, but no one knows who filled out the form.  Accordingly, I find that there are genuine issues of material fact regarding the existence of a disability under the ADA, and that summary judgment is not proper on this claim.

      C.    <u>Whether Summary Judgment is Proper on Plaintiff's FMLA Claim</u>

The FMLA requires covered employers to allow their employees up to twelve weeks of annual leave to care for the employee's or a family member's "serious health condition."  *See Dry v. The Boeing* Co., 92 Fed. Appx. 675, 2004 WL 309323 (10th Cir. 2004) (quoting 29 U.S.C. § 2612(a)(1)).  More specifically, the FMLA provides that, "[s]ubject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).  A "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves – (A) inpatient care in a hospital, hospice or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

To establish a claim for retaliation under the FMLA, the Plaintiff must prove the following: (1) she engaged in a protected activity under the FMLA; (2) the employer took an action that a reasonable employee would have found materially adverse; and (3) there is a causal connection between the protected activity and the adverse action. *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006).  In the case at hand, the Defendants argue that the Plaintiff cannot show the existence of a

genuine fact in connection with their contention that the Plaintiff received all of her entitled FMLA leave.

I find that the Plaintiff demonstrated through her Response that there are genuine issues of material fact regarding the existence of retaliation under the FMLA. Specifically, Plaintiff states she established two legitimate occasions to use her FMLA leave.  Further, Plaintiff states that she suffered adverse employment actions during her FMLA leave.  Plaintiff states that the Defendants required her to perform increased stressful job duties when she returned from leave.  The Defendants, on the other hand, argue that Plaintiff's duties were never increased and that there was a legitimate business reason for adding call-screening duties to Plaintiff's job responsibilities. Accordingly, I find that there are genuine issues of material fact regarding the existence of retaliation under the FMLA, and that summary judgment is not proper on this claim.

D.    Whether Summary Judgment is Proper on Plaintiff's State Law Claims

An employee may be able to enforce the termination procedures in an employment manual under ordinary contract principles.  *Continental Airlines v. Keenan*, 731 P.2d 708, 711 (Colo. 1987); *Crawford Rehabilitation Services, Inc. v. Weissman*, 938 P.2d 540 (Colo. 1997) (an employee can enforce termination procedures or employment manual containing progressive discipline procedures under implied contract or promissory estoppel theory).  Such enforcement can be obtained under an implied contract theory if the employee demonstrates that (1) "in promulgating the termination procedures the employer was making an offer to the employee - that is, the employer manifested his willingness to enter into a bargain in such a way as to justify

-5-

the employee in understanding that his assent to the bargain was invited by the employer and that the employee's assent would conclude the bargain" and (2) "that his initial or continued employment constituted acceptance of and consideration for those principles." *Continental Airlines v. Keenan*, 731 P.2d 708, 711 (Colo. 1987).

The employee must also show that the employer's actions manifested an intent to be bound by the provisions of that policy or procedure. *Frymire v. Ampex Corp.*, 61 F.3d 757, 769 (10th Cir. 1995). This is shown by establishing that the terms of the offer were communicated to all employees, that the terms of the offer were sufficiently definite and detailed, and that the offer does not include a disclaimer provision. *Id.* at 769-770. If the employee establishes that an offer was made, he can then "establish that the offer was accepted and consideration given by simply indicating that [his] continued employment with the company could at least reasonably have been motivated by the terms of the offer." *Id.*; *see also Vasey v. Martin Marietta Corp.*, 29 F.3d 1460 (10th Cir. 1994). In the case at hand, the Defendants argue that the Plaintiff cannot show the existence of a genuine fact in connection with their contention that there was no evidence of a breach of Plaintiff's employment contract.

I find that the Plaintiff demonstrated through her Response that there are genuine issues of material fact regarding the existence of a breach of her employment contract. Specifically, Plaintiff states that she never intended to resign her position. The Defendants, on the other hand, argue that Plaintiff's employment separation resulted from her resignation. Therefore, the discipline provisions of the employee manual have no application. Accordingly, I find that there are genuine issues of

material fact regarding the existence of a breach of employment contract, and that summary judgment is not proper on this claim.

III.     <u>CONCLUSION</u>

        Based upon the foregoing, it is

        ORDERED that Defendants' Motion for Summary Judgment [# 34], filed March 30, 2006, is **DENIED**.

        Dated:  January 31, 2007

                                        BY THE COURT:


                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        U. S. District Judge