IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00847-WYD-BNB

KIM RENEE COLEMAN,

    Plaintiff,

v.

CITY AND COUNTY OF BROOMFIELD,

    Defendant.

## ORDER

THIS MATTER came before the Court for a jury trial, which commenced on October 15, 2007. On October 18, 2007, following the presentation of the evidence, the Defendant made an oral motion for a judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). By way of background, Plaintiff asserted three claims in this case: (1) discrimination under the Americans with Disabilities Act ("ADA"); (2) interference and retaliation under the Family Medical Leave Act ("FMLA"); and (3) breach of the employment contract. After carefully considering the evidence presented during the trial and the arguments by both parties with respect to the Rule 50(a) motion, I find that Defendant's oral motion for judgment as a matter of law should be granted with regard to the FMLA claims and denied as to both the ADA claim and the breach of contract claim based upon the reasons stated on the record and in this written order.

Fed. R. Civ. P. 50(a) reads as follows:

    (a) Judgment as a Matter of Law.
    (1) In General. If a party has been fully heard on an issue

> during a jury trial and the court finds that a reasonable jury
> would not have a legally sufficient evidentiary basis to find
> for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against
> the party on a claim or defense that, under the controlling
> law, can be maintained or defeated only with a favorable
> finding on that issue.
> (2) Motion.  A motion for judgment as a matter of law may be
> made at any time before the case is submitted to the jury.
> The motion must specify the judgment sought and the law
> and facts that entitle the movant to the judgment.

*Id.* "Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." *Elliot v. Turner Constr. Co.*, 381 F.3d 995, (10th Cir. 2004).

Based on the evidence presented at the jury trial, I find that a reasonable jury would not have a legally sufficient basis to find for the Plaintiff on her FMLA claims of interference and retaliation.  In order to establish an interference claim under the FMLA, the Plaintiff must show that: (1) she was entitled to FMLA leave; (2) some adverse action by the Defendant interfered with her right to take FMLA leave; and (3) the Defendant's action was related to the exercise or attempted exercise of her FMLA rights.  *Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1319 (10th Cir. 2005).  In order to satisfy the second prong of this claim, "the employee must show that she was prevented from taking the full 12 weeks of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave."  *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007).

Here, the evidence showed that the Plaintiff requested FMLA leave and was

granted that leave 10 days to two weeks later.  Plaintiff argued that this delay of 10-14 days after her initial request for FMLA leave, which was eventually granted, gave rise to her interference claim.  I reject this argument.  Plaintiff did not present any evidence of an adverse action by the Defendant that interfered with her right to take her FMLA leave.  The evidence showed that Plaintiff took both intermittent and continuous leave from April 2003 through early January 2004.  Thus, since Plaintiff could not present any triable issue of fact with respect to the second prong of the interference claim, I find that this claim must be dismissed pursuant to Fed. R. Civ. P. 50(a).

Turning to Plaintiff's claim of retaliation under the FMLA, in order to establish a prima facie retaliation claim, Plaintiff must show that: "(1) she engaged in a protected activity; (2) [she] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action."  *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir.2006).  "[A] retaliation claim may be brought when the employee successfully took FMLA leave, was restored to her prior employment status, and was adversely affected by an employment action based on incidents post-dating her return to work."  *Campbell*, 478 F.3d at 1287-88.

In the case at hand, the evidence showed that the Defendant added call-screening duties to the Plaintiff's employment position before she took FMLA leave.  When Plaintiff resumed her employment after taking her FMLA leave, she was again required to perform call-screening duties as part of her job.  With respect to her retaliation claim, Plaintiff argued that the fact that her employer continued to require her

to screen calls after she returned from FMLA leave was prima facie evidence of her retaliation clam.  I reject this argument.  The Defendant added call-screening duties to Plaintiff's employment position before she took FMLA leave.  Clearly, the addition of call-screening duties was not an adverse employment action based on incidents post-dating Plaintiff's return to work.  There was no evidence presented at the jury trial of any retaliation by the Defendant once Plaintiff returned to work after taking her FMLA leave. Therefore, since Plaintiff did not present any triable issue of fact with respect to the third prong of the retaliation claim, I find that this claim must be dismissed pursuant to Fed. R. Civ. P. 50(a).  Accordingly, it is

ORDERED that Defendant's oral motion for judgment as a matter of law is **GRANTED** as to both the interference and retaliation claims under the FMLA.  It is

FURTHER ORDERED that Defendant's oral motion for judgment as a matter of law is **DENIED** as to both the ADA claim and the breach of employment contract claim.

Dated:  October 22, 2007

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge